IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **JEFFREY GOUDE AND DARLENE GOUDE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) CASE NO. |
| v. | ) |
| | ) |
| **USI SOLUTIONS, INC. AND AUTOVEST, LLC,** | ) Removed from the Court of Common Pleas for Williamsburg County, South Carolina Case No. 2019-CP-45-00617 |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Autovest, LLC gives notice of the removal of this action from the Court of Common Pleas for Williamsburg County, South Carolina to the United States District Court for the District of South Carolina, Florence Division. As grounds in support of this removal, Autovest states as follows:

### I.    INTRODUCTION

1. Plaintiffs Jeffrey Goude and Darlene Goude commenced this action on November 27, 2019 by filing a Complaint against USI Solutions, Inc. and Autovest, LLC in the Court of Common Pleas for Williamsburg County, South Carolina, Case No. 2019-CP-45-00617.

2. In the Complaint, Plaintiffs allege that the defendants have improperly attempted to collect a debt against them. *See* Compl.

3. Plaintiffs bring causes of action against the defendants for violation of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act

42766822 v1

("FDCPA"), as well as various state law claims. *See id.* Plaintiffs seek actual, statutory, and punitive damages. *See id.*

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441, as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II.   FEDERAL QUESTION JURISDICTION

6. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiffs are asserting claims against the defendants based upon alleged violations of the TCPA and FDCPA, which are federal consumer protection statutes. *See* Complaint; *see also* 15 U.S.C. §§ 1692 *et seq*; 47 U.S.C. § 227.

8. Accordingly, federal question jurisdiction exists because Plaintiffs' TCPA and FDCPA claims arise under the laws of the United States and could have been originally filed in this Court.

### III.   SUPPLEMENTAL JURISDICTION

9.   This Court can exercise supplemental jurisdiction over Plaintiffs' state law claims because these claims form part of the same case or controversy as Plaintiffs' federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

10.   In the instant case, Plaintiffs' state law claims are related to the same activity that forms the basis for their TCPA and FDCPA claims, as all claims relate to the defendants' attempts to collect a debt from the Plaintiffs. Thus, Plaintiffs' state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

11.   Moreover, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims in this action to avoid an unnecessary duplication of judicial resources. *See N. Am. Van Lines, Inc. v. Atl. Transfer & Storage Co.*, 487 F. Supp. 2d 672, 675 (D.S.C. 2007) (recognizing that judicial economy is a consideration in deciding whether to exercise supplemental jurisdiction). In the instant case, Plaintiffs' state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiffs' TCPA and FDCPA claims. *See* 28 U.S.C. § 1367(c). Therefore, this Court should exercise jurisdiction over all claims asserted in the Complaint.

### IV.   ADOPTION AND RESERVATION OF DEFENSES

12.   Nothing in this notice of removal should be interpreted as a waiver or relinquishment of any of Autovest's rights to assert any defense or affirmative matter, including,

but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.     PROCEDURAL REQUIREMENTS

13.     This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

14.     True and correct copies of "all process, pleadings, and orders served upon such defendant" are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a).

15.     USI Solutions, Inc., the only other defendant to have been served in this matter, has provided consent to this removal, which is attached hereto as **Exhibit B**.

16.     This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days from December 11, 2019, the date Autovest was served with a copy of the initial pleading. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").

17.     The United States District Court for the District of South Carolina, Florence Division, is the court and division embracing the place where this action is pending in state court.

18.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Autovest has filed a copy of same with the clerk of the Court of Common Pleas of Williamsburg County, South Carolina, as well as a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiffs.

19.     Autovest reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** Autovest prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Court of Common Pleas for Williamsburg County, South Carolina to the United States District Court for the District of South Carolina, Florence Division.

Respectfully submitted this 9th day of January, 2020.

/s/ Ryan S. Rummage
Ryan S. Rummage, Fed Bar No. 12753
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rrummage@burr.com

Attorney for Defendant
AUTOVEST, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **JEFFREY GOUDE AND DARLENE GOUDE,** | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| **USI SOLUTIONS, INC. AND AUTOVEST, LLC,** | ) CERTIFICATE OF SERVICE |
| **Defendant.** | ) |

    I hereby certify that I have served a copy of the foregoing document by directing same to the following by first-class, United States mail, postage prepaid, on this the 9th day of January, 2020:

Bess D. Lochocki
Waccamaw Law, LLC
10172 Ocean Hwy, Suite 2
P.O. Box 2307
Pawleys Island, SC 29585
bess@waccamawlawllc.com
*Counsel for Plaintiff*

Larry Weil
USI Solutions Inc.
925 Canal Street
Building 1 Studio 4
Bristol, PA 19007
lweil@usisolutionsinc.com

                                                */s/ Ryan S. Rummage*
                                                OF COUNSEL