ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF WILLIAMSBURG** | ) | **FOR THE THIRD JUDICIAL CIRCUIT** |
| **Jeffrey Goude and Darlene Goude,** | ) | **Case No.: 2019-CP-_____** |
| **Plaintiffs,** | ) | **SUMMONS** |
| **v.** | ) | **(Jury Trial Demanded)** |
| **USI Solutions, Inc. and Autovest, LLC,** | ) | |
| **Defendants.** | ) | |

TO DEFENDANTS:

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscriber at the office located at 10172 Ocean Highway, Suite 2, P.O. Box 2307, Pawleys Island, South Carolina 29585, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint with in this time, Plaintiffs in this action will apply to the Court for the relief sought therein by default judgment.

November 27, 2019.

WACCAMAW LAW,

s/ Bess D. Lochocki

Bess D. Lochocki, SC Bar 78931
Waccamaw Law, LLC
10172 Ocean Hwy, Suite 2
PO Box 2307
Pawleys Island, SC 29585
Office: 843-237-5299
Fax: 843-314-4201
bess@waccamawlawllc.com
**ATTORNEY FOR PLAINTIFFS**



EXHIBIT A

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF WILLIAMSBURG** | ) | **FOR THE THIRD JUDICIAL CIRCUIT** |
| **Jeffrey Goude and Darlene Goude,** | ) | |
| | ) | **Case No.: 2019-CP-_____** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **COMPLAINT** |
| **USI Solutions, Inc. and Autovest, LLC,** | ) | **(Jury Trial Demanded)** |
| **Defendants.** | ) | |

COME NOW Plaintiffs Jeffrey Goude and Darlene Goude by and through their undersigned attorney and complain of the Defendants as follows:

1. This action arises out of the above-named Defendants' illegal collection activity upon the Plaintiffs whereby Defendants willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code §§ 39-5-20, *et seq*., the South Carolina Consumer Protection Code, SC Code ("SCCPC") §§ 37-1-101, *et seq*., and South Carolina law.

**PARTIES**

2. Plaintiffs are residents of Williamsburg County, South Carolina.
3. Defendant USI Solutions, Inc. ("USI") is a foreign corporation organized in the state of Delaware with principal place of business in the Commonwealth of Pennsylvania located at 925 Canal Street Building 1 Studio 4, Bristol, PA 19007. Upon information and belief, USI's registered agent for service in Delaware is Corporation Service Company, 251 Little

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

Falls Drive, Wilmington, Delaware 19808. Upon information and belief, USI Solutions, Inc. is not registered with the South Carolina Secretary of State.

4. Defendant Autovest, LLC ("Autovest") is a foreign corporation organized and operating in the state of Michigan located at 26261 Evergreen Road, Suite 390, Southfield, MI 48076. Upon information and belief, Autovest's registered agent for service in Michigan is CSC 601 Abbot Road, East Lansing, Michigan, 48823. Upon information and belief, Autovest is not with the South Carolina Secretary of State.

5. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers.

**JURISDICTION**

6. The most substantial part of the alleged acts and omissions giving rise to the causes of action took place and occurred in Williamsburg County, South Carolina.

7. Jurisdiction is proper in this Court pursuant to S.C. Code Ann. 36-2-803(A), (1), (2), (3), (4) and (7).

**STATEMENT OF FACTS**

8. The above allegations are asserted again as if alleged again verbatim.

9. On June 23, 2014, Autovest filed a collection lawsuit against Jeffrey and Darlene Goude to collect on an alleged debt.

10. Upon information and belief, Autovest is a debt buyer that purchased the alleged debt from the original creditor.

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

11. Upon information and belief, the alleged debt Autovest attempted to collect originated around January 30, 2010 as a deficiency balance on an auto loan owed to Wells Fargo Bank.
12. From 2010 until June of 2014, when Autovest filed the collection lawsuit, the Goudes never made any payments toward the alleged debt, nor did they receive collection notices regarding the alleged debt.
13. Upon information and belief, the Goudes never made any payments toward the alleged debt through the date of filing this lawsuit.
14. On May 18, 2016, the Williamsburg County Court of Common Pleas dismissed Autovest's collection lawsuit.
15. On May 18, 2019, three (3) years after the Court dismissed Autovest's collection lawsuit, the statute of limitations on the alleged debt expired, and could have expired much earlier than May 18, 2019.
16. Upon information and belief, the three (3) year statute of limitations on the alleged debt expired by February 1, 2013 and the alleged debt has been outside the statute of limitations for over six (6) years.
17. Upon information and belief, USI is a third-party debt collector and/or a debt buyer that purchased the alleged debt from Autovest or seeks to collect the alleged debt on behalf of Autovest.
18. USI and Autovest had knowledge and were on notice that the alleged debt is/was well outside the statute of limitations and intentionally and maliciously made harassing attempts to collect the alleged debt in spite of this knowledge.

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

19. Around May 31, 2019 and following, USI has called Plaintiffs' cellular telephone relentlessly in intentionally harassing attempts to collect the long-expired alleged debt.
20. Upon information and belief, USI has called Plaintiffs' cellular telephone at times known to be inconvenient to Plaintiffs.
21. Upon information and belief, to the extent that Defendants claim they had consent to contact Plaintiffs' cellular telephone, which Plaintiffs deny, all such consent was revoked on a number of occasions by Plaintiffs, who told USI to stop calling.
22. Upon information and belief, not one of USI's calls to Plaintiffs' cell phone was for emergency purposes.
23. Upon information and belief, in each of USI's calls to Plaintiffs, USI failed to issue the FDCPA-required validation notice and/or failed to notify the Plaintiffs the statute of limitations on the debt could be expired.
24. On or around June 5, 2019, USI emailed Plaintiffs a collection letter naming Autovest as the "current creditor" for the alleged debt.
25. The USI collection letter made false or misleading representations about the alleged debt and failed to notify Plaintiffs the alleged debt was beyond the statute of limitations and any payment Plaintiffs made towards the alleged debt would restart the clock on the statute of limitations and essentially resurrect a long-expired debt for which Plaintiffs never declared they owed.
26. Defendants' conduct caused Plaintiffs damages by harassing them, violating their right to quiet enjoyment, and maliciously and intentionally causing them anxiety and fear concerning the alleged debt which Defendants knew was outside the statute of limitations.

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

27. The USI phone calls were particularly upsetting for Darlene Goude as she suffers from insomnia and related health concerns and the unwanted and relentless harassing calls did and continue to exacerbate her condition.

28. Upon information and belief, Plaintiffs notified USI they are represented by counsel regarding the alleged debt, and despite this notice, USI and/or Autovest continue to place calls to Plaintiffs in attempts to collect the debt.

29. Upon information and belief, Defendants failed to maintain internal policies and procedures to track when consumers, and Plaintiffs, revoked all consent for Defendants' calls.

30. Upon information and belief, Defendants willfully and maliciously used unconscionable collection practices by attempting to collect a debt Defendants knew was beyond the statute of limitations, without any notice to the consumers that the statute of limitations on the debt may have expired, and intentionally harassed Plaintiffs with incessant calls to their cell phone to purposely intimidate and bully Plaintiffs into making a payment on a long-expired debt.

**COUNT ONE**
**TCPA Violation**
**47 S.C. § 227(b)(1)(A)**

31. The above allegations are repeated as if alleged again verbatim.

32. Upon information and belief, each of Defendants' telephone calls to Plaintiffs' cell phones were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator, and the capacity to dial numbers pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A).

33. Each call and each prerecorded message Defendants placed to Plaintiffs' cell phones were

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

done so without Plaintiffs' express consent and in violation of the TCPA § 227(b)(1)(A)(iii).

34. Defendants knowingly and willfully committed the above violations of the TCPA multiple times.

35. Plaintiffs are entitled to statutory damages of $500.00 per violation pursuant to the TCPA § 227(b)(3)(B).

36. Plaintiffs are informed and believe that they are entitled to recover $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3).

37. Plaintiffs are further entitled to, and request, injunctive relief requiring Defendants to cease and desist any future calling activity and to award a penalty in the amount of $1,500 per TCPA violation, plus attorney fees, costs, and such other relief as is just and proper.

**<u>COUNT TWO</u>**
**TCPA Violation**
**47 S.C. § 227(b)(1)(A)**

38. The above allegations are repeated as if alleged again verbatim.

39. Upon information and belief, each call and each prerecorded message Defendants placed to Plaintiffs' cell phones were done so in violation of the TCPA § 227(c)(5).

40. Defendants knowingly and willfully committed the above violations of the TCPA multiple times.

41. Plaintiffs are entitled to statutory damages of $500.00 per violation pursuant to the TCPA.

42. Plaintiffs are informed and believes that they are entitled to recover $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA.

43. Plaintiffs are further entitled to, and request, injunctive relief requiring Defendants to cease and desist any future calling activity and to award a penalty in the amount of $1,500 per

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

TCPA violation, plus attorney fees, costs, and such other relief as is just and proper.

**COUNT THREE**
**Fair Debt Collection Practices Act Violation**

44. The above allegations are repeated as if alleged again verbatim.

45. Upon information and belief, during the course of Defendants' efforts to collect debts allegedly owed to third parties, Defendants regularly issue alleged debtors' correspondence via U.S. Mail and/or email and regularly initiates contact with alleged debtors via telephone.

46. Upon information and belief, at all relevant times, Plaintiffs were "consumers" as defined pursuant to FDCPA 15 U.S.C. § 1692a(3).

47. Upon information and belief, at all relevant times, each Defendant acted as a "debt collector" as that term is defined by FDCPA 15 U.S.C. § 1692a(6).

48. Upon information and belief, Defendants' acts and omissions constitute multiple violations of the FDCPA including but not limited to the following code sections:

    a. Defendants violated § 1692c(a)(1) by communicating with Plaintiffs at an unusual time or place known to be inconvenient to the Plaintiffs;

    b. Defendants violated § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

    c. Defendants violated § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt;

    d. Defendants violated § 1692e(10) by using false representations or deceptive means to obtain information concerning the Plaintiffs in connection with the collection of a debt;

    e. Defendants violated § 1692f by using unfair or unconscionable means in connection

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

with the collection of an alleged debt;

f. Defendants violated § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law; and

g. Defendants violated § 1692g.

49. Defendants' acts and omissions were intentional.

50. Plaintiffs should be granted judgment against Defendants for actual damages pursuant to 15 U.S.C § 1692k(a)(1), statutory damages pursuant to 15 U.S.C § 1692(a)(2)(A), costs and attorney fees pursuant to 15 U.S.C § 1692k(a)(3), and such other relief as is just and proper.

**COUNT FOUR**
**South Carolina Unfair Trade Practices Act Violation**

51. The above allegations are repeated as if alleged again verbatim.

52. Upon information and belief, Defendants' conduct as a creditor constitutes "trade" or "commerce" as defined by the SCUTPA § 39-5-10(b).

53. Defendants knowingly and willingly used unfair, fraudulent, deceptive, and misleading representations of the character, amount, and legal status of the alleged debt when soliciting payments from Plaintiffs on a debt barred by the statute of limitations, without notice of the expired statute of limitations, and without notice that if they made partial payment on the debt they could restart the clock on the long-expired statute of limitations, in effect, bringing a long-dead debt back to life.

54. Defendants knowingly and willingly used unfair, fraudulent, deceptive, and misleading representations of the character, amount, and legal status of the alleged debt by employing an agent(s) to solicit payments from Plaintiffs on a debt barred by the statute of limitations, without notice of the expired statute of limitations, and without notice that if they made partial payment on the debt they could restart the clock on the long-expired statute of

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

limitations, in effect, bringing a long-dead debt back to life.

55. Defendants failed to fully comply with TCPA restrictions on calls to cell phones using an automated telephone dialing system and/or prerecorded messages when Defendants intentionally and willfully called Plaintiff's cell phone while Defendants knew it did not have consent to make such calls.

56. Defendants' intentional conduct and use or employment of these unfair or deceptive methods, acts, or practices were willful or knowing violations of SC Code §39-5-20.

57. Upon information and belief, Defendants' acts and omissions have substantial potential for repetition that necessarily affects the public interest of the citizens of South Carolina.

58. Upon information and belief, Defendants' acts and omissions described in this Complaint have been repeated and suffered by other citizens of South Carolina.

59. As a direct and proximate result, Plaintiffs suffered an ascertainable loss due to Defendants' unlawful actions and Plaintiffs are entitled to recover actual and punitive damages in an amount to be determined at trial, treble said damages, and an award of attorney(s) fees and costs.

**COUNT FIVE**
**South Carolina Consumer Protection Code Violation**

60. The above allegations are asserted again as if alleged again verbatim.

61. Plaintiffs are "consumers" as defined by SC Code 37-1-301(10), Defendants are "creditors" and "debt collectors" as defined by SC Code 37-1-301(13) and (28), the Debt is a "Consumer Credit Transaction" as defined by SC Code 37-1-301(11), and Defendants are subject to the SCCPC.

62. Defendants knowingly and willingly used fraudulent, deceptive, and misleading representations of the character, amount, and legal status of the Debt when soliciting

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

payments from Plaintiffs on a debt barred by the statute of limitations without notice of the expired statute of limitations, and also by using such unfair and deceptive practices via agent(s).

63. Defendants knowingly, willingly and maliciously violated the FDCPA and TCPA.

64. Defendants' intentional conduct violated SC Code §37-5-108 by engaging in unconscionable conduct in attempts to collect a consumer debt.

65. Plaintiffs submitted a written complaint to the South Carolina Department of Consumer Affairs regarding the facts and allegations asserted in this Complaint more than thirty (30) days before the date this Complaint was filed with this Court.

66. Upon information and belief, as a direct and proximate result of Defendants' unconscionable conduct in collecting the alleged consumer debt, Plaintiffs are entitled to recover actual and punitive damages, in an amount to be determined at trial, including but not limited to statutory damages, and an award of attorney(s) fees and costs.

**COUNT SIX**
**Negligence**

67. The above allegations are repeated as if alleged again verbatim.

68. Defendants owed Plaintiffs a duty to communicate accurate information regarding the character, amount, and legal status of the alleged balance of the debt.

69. Defendants' intentional conduct breached this duty by using fraudulent, deceptive, and misleading representations of the character, amount, and legal status of the alleged debt when soliciting payments from Plaintiffs on a debt barred by the statute of limitations without notice to Plaintiffs of the expired statute of limitations, and also by using such unfair and deceptive practices via its agent.

70. Defendants owed Plaintiffs and the public a duty to comply with the TCPA and FDCPA.

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

71. Defendants owed Plaintiffs and the public a duty not to harass Plaintiffs or other consumers with unwanted, oppressive phone calls to Plaintiffs' cell phone without prior express consent.

72. Defendants' conduct breached these duties when Defendant USI Solutions contacted Plaintiff's cell phone using an automated telephone dialing system and/or pre-recorded messages while it knew it did not have express consent to make such calls.

73. Upon information and belief, Defendants' breach of such duties were thereby negligent, grossly negligent, wanton and reckless and proximately caused Plaintiffs actual damages, including but not limited to, emotional distress, manifested by sleeplessness, nervousness, aggravation, mental anguish, humiliation, frustration, and inconvenience in an amount to be determined by a jury at trial.

74. As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiffs are entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

**COUNT SEVEN**
**Negligent Training and Supervision**

75. The above allegations are repeated as if alleged again verbatim.

76. Defendants knew or should have known of the conduct as alleged in this Complaint which was directed at and visited upon Plaintiffs.

77. Defendants knew or should have known that said conduct was improper and in violation of South Carolina law.

78. Defendants negligently failed to train and supervise their agents, assigns, and employees in order to prevent said improper and unconscionable conduct.

79. Defendants negligently failed to train and supervise their agents, assigns, and employees on

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

South Carolina common law.

80. Defendants' negligent training and supervision proximately caused Plaintiffs to lose sleep and develop insomnia. Defendants' actions caused Plaintiffs to suffer loss of liberty, alteration of lifestyle, emotional harm, loss of reputation, humiliation, panic, apprehension, anxiety, stress, depression, embarrassment, shame, and fear.

81. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to actual, special, and punitive damages to be determined at trial.

**COUNT EIGHT**
**Reckless and Wanton Training and Supervision**

82. The above allegations are repeated as if alleged again verbatim.

83. Defendants knew or should have known of the conduct as alleged in this Complaint which was directed at and visited upon Plaintiffs.

84. Defendants knew or should have known that said conduct was improper and in violation of South Carolina law.

85. Defendants recklessly and wantonly failed to train and supervise their agents, assigns, and employees in order to prevent said improper and unconscionable conduct.

86. Defendants recklessly and wantonly failed to train and supervise its agents, assigns, and employees on South Carolina common law.

87. Defendants' reckless and wanton supervision and training proximately caused Plaintiffs to lose sleep. Plaintiff Darlene Goude developed insomnia. Defendants' actions caused Plaintiffs to suffer loss of liberty, alteration of lifestyle, emotional harm, loss of reputation, humiliation, panic, apprehension, anxiety, stress, depression, embarrassment, shame, and fear.

88. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to actual,

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

special, and punitive damages to be determined at trial.

## DEMAND FOR JURY TRIAL

89. Please take notice that, pursuant to the U.S. Constitution Amendment 7 and S.C. R. Civ. P. 38, Plaintiffs demands trial by jury in this action on all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment against Defendants for the following:

A. For the first cause of action, Defendants are liable to Plaintiffs for statutory damages of $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), or in the alternative, for statutory damages of $500.00 per violation plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), and an injunction prohibiting Defendants from contacting Plaintiffs' cell phone using an automated telephone dialing system;

B. For the second cause of action, Defendants are liable to Plaintiffs for statutory damages of $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA, or in the alternative, for statutory damages of $500.00 per violation plus such other damages, penalties, costs and attorney fees pursuant to the TCPA, and an injunction prohibiting Defendants from contacting Plaintiffs' cell phone using an automated telephone dialing system;

C. For the third cause of action, Defendants are liable to Plaintiffs for statutory damages pursuant to 15 U.S.C § 1692(a)(2)(A), costs and attorney fees pursuant to 15 U.S.C § 1692k(a)(3), and actual damages pursuant to 15 U.S.C § 1692k(a)(1);

D. For the fourth cause of action, Defendants violated the SCUTPA, entitling Plaintiffs to actual

ELECTRONICALLY FILED - 2019 Nov 27 1:02 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

and punitive damages in an amount to be determined at trial, treble damages for willfully and/or knowingly violating the SCUTPA, and attorneys' fees and costs pursuant to § 39-5-140;

E. For the fifth cause of action, Defendants violated the SCCPC entitling Plaintiffs to statutory damages, actual and punitive damages in an amount to be determined at trial, and an award of attorneys' fees and costs;

F. For the sixth cause of action, Defendants are liable to Plaintiffs for damages, both actual and punitive, resulting from the Defendants' negligence;

G. For the seventh cause of action, Defendants are liable to Plaintiffs for negligent training and supervision and Plaintiff is entitled to an award of actual, special, and punitive damages to be determined by a jury at trial;

H. For the eighth cause of action, Defendants are liable to Plaintiffs for reckless and wanton training and supervision and Plaintiffs are entitled to an award of actual, special, and punitive damages to be determined by a jury at trial;

I. Plaintiffs are entitled to incidental, consequential and punitive damages; and

J. An award for such other and further relief as the Court may deem just and proper.

November 27, 2019.

Respectfully submitted,

Waccamaw Law, LLC

s/ Bess D. Lochocki
Bess D. Lochocki, SC Bar 78931
Waccamaw Law, LLC
10172 Ocean Hwy, Suite 2
PO Box 2307
Pawleys Island, SC 29585
Office: 843-237-5299
Fax: 843-314-4201
bess@waccamawlawllc.com
**ATTORNEY FOR PLAINTIFFS**

ELECTRONICALLY FILED - 2019 Dec 16 5:18 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF WILLIAMSBURG | ) | CIVIL ACTION NO.: 2019-CP-45-00617 |
| | ) | |
| Jeffrey Goude and Darlene Goude, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ACCEPTANCE OF SERVICE** |
| USI Solutions, Inc, and Autovest, LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

I, Ryan S. Rummage, as counsel for the Defendant, Autovest, LLC in this action, hereby accept service of the Summons and Complaint on December 11, 2019.

Ryan S. Rummage, ~~Fed Bar No. 12753~~ SC# 103362
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rrummage@burr.com
ATTORNEY FOR DEFENDANT
AUTOVEST, LLC

ELECTRONICALLY FILED - 2019 Dec 19 4:54 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617

STATE OF SOUTH CAROLINA )
COUNTY OF WILLIAMSBURG )

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2019-CP-45-00617

Jeffrey Goude and Darlene Goude,

PLAINTIFFS,

v.

USI Solutions, Inc, and Autovest, LLC,

DEFENDANTS.

**AFFIDAVIT OF SERVICE**

I, Bess D. Lochocki, of Waccamaw Law, LLC, hereby certify that on December 9, 2019, served one copy of the filed Summons and Complaint upon Defendant USI Solutions, Inc. in the above referenced matter via U.S. Certified mail, return receipt requested, restricted delivery and addressed as follows:

Corporation Service Company
C/O USI Solutions, Inc.
251 Little Falls Drive
Wilmington, DE 19808

Bess D. Lochocki SC Bar No. 78931
Waccamaw Law, LLC
10172 Ocean Highway Suite 2
PO Box 2307
Pawleys Island, SC 29585
bess@waccamawlawllc.com
Office: 843-237-5299
Fax: 843-314-4201
ATTORNEY FOR PLAINTIFF

Sworn to before me this 17th day of December, 2019.

Christie S. Roberts
Notary Public of South Carolina

My Commission expires: 5/16/2027

Christie S. Roberts
Notary Public, State of South Carolina
My Commission Expires May 16, 2027

ELECTRONICALLY FILED - 2019 Dec 19 4:54 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2019CP4500617



USPS TRACKING #



9590 9402 5093 9092 1681 03



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Waccamaw Law
PO Box 2307
10172 Ocean Hwy, Ste 2
Pawleys Island, SC 29585

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
C/o USI Solutions, Inc.
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 5093 9092 1681 03

2. Article Number (Transfer from service label)

7019 0700 0000 5300 1641

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Yvette Grier
☐ Agent
☐ Addressee

B. Received by (Printed Name) Yvette Grier

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

USPS DEC - 9 2019 MARSHALLTON POST OFFICE

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
0)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☒ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt